UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAEKTRA ROS,<br><br>      Petitioner,<br><br>    v.<br><br>C. E. DUCART,<br><br>      Respondent. | Case No.: 1:15-cv-01050-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

The instant petition was filed on July 6, 2015.[1] A preliminary review of the petition, however, reveals that the petition is untimely and should therefore be dismissed.

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

---

[1] In <u>Houston v. Lack</u>, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. <u>Houston v. Lack</u>, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." <u>Miller v. Sumner</u>, 921 F.2d 202, 203 (9th Cir. 1990); see <u>Houston</u>, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. <u>Saffold v. Neland</u>, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. <u>Jenkins v. Johnson</u>, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition and the certificate of service on July 6, 2015. (Doc. 1, pp. 74; 134).

1

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 6, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on March 7, 2006 in the Fresno County Superior Court. (Doc. 1, p. 1). Petitioner filed a petition for review that was denied by the California Supreme Court on April 25, 2007. (Id., p. 2). Thus, direct review would have concluded on July 24, 2007, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have one year from the following day, July 25, 2007, or until July 24, 2008, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on July 6, 2015, almost seven years after the date the one-year period would have expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

1   For example, no statutory tolling is allowed for the period of time between finality of an appeal and the
2   filing of an application for post-conviction or other collateral review in state court, because no state
3   court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448
4   F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between
5   finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is
6   not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167,
7   181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as
8   amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the
9   limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d
10  820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that
11  has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).
12  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises
13  unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

14  Here, Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the
15  Superior Court of Fresno County on April 9, 2014, and denied on May 14, 2014 (Doc. 1, p. 121);[2] (2)
16  petition filed in the 5th DCA on July 1, 2014, and denied on October 9, 2014 (Doc. 1, p. 129); (3)
17  petition filed in the 5th DCA on November 12, 2014 and denied on January 13, 2015 (Doc. 1, p. 130);
18  and (4) petition filed in the California Supreme Court and denied on June 10, 2015 (Doc. 1, p. 133).

19  None of these petitions, however, entitle Petitioner to statutory tolling since they were filed long
20  after the one-year limitation period expired in 2008. A petitioner is not entitled to tolling where the
21  limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001,
22  1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d
23  1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section
24  2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition
25  was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

raised in state habeas corpus filed after expiration of the one-year limitations period). Thus, unless Petitioner is entitled to equitable tolling, the petition should be dismissed as untimely.

D. <u>Equitable Tolling</u>.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See <u>Holland v. Florida</u>, 560 U.S. 631, 651-652 (2010); <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." <u>Shannon v. Newland</u>, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland</u>, 560 U.S. at 651-652; <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." <u>Miles</u>, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling; Petitioner does mention that "any delay in the filing is attributable to his lack of capacity to represent himself, lack of education and legal training, scarity [sic] of resources and channels through which legal assistance available to indignant [sic] prisoners." (Doc. 1, p. 12). A petitioner's claims of ignorance of the law, lack of education, or illiteracy, however, are not grounds for equitable tolling. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>see</u>, <u>e.g.</u>, <u>Hughes v. Idaho State Bd. of Corrections</u>, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); <u>Fisher v. Johnson</u>, 174 F.3d 710 (5th Cir. 1999); <u>Rose v. Dole</u>, 945 F.2d 1331, 1335 (6th Cir.1991).

Petitioner next contends that he should be excepted from the effects of the one-year limitation period because he is actually innocent. In <u>McQuiggin v. Perkins</u>, 569 U.S.___, 2013 WL 2300806

(2013), the United States Supreme Court held that "actual innocence" could be an exception to the one-year limitation bar in the AEDPA:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House,[3] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329; see House, 547 U.S., at 538 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

McQuiggin, at *3.  The Supreme Court went on to explain that an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing, and, thus, "a court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of evidence [of actual innocence]." Id. at *11, quoting Schlup, 513 U.S. at 332. See also Lee v. Lampert, 653 F.3d 929, 932-933 (9th Cir. 2011)(*en banc*)("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." ) The "Schlup gateway," however, may only be employed when a petitioner "falls within the narrow class of cases…implicating a fundamental miscarriage of justice. Schlup, 513 U.S. at 314-315; McQuiggin, at *9.  However, "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321.  "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

The rule announced in McQuiggin is not a type of equitable tolling, which provides for an extension of the time statutorily prescribed, but an equitable exception to § 2244(d)(1). McQuiggin at *7.  Moreover, the Court noted that actual innocence, if proven, merely allows a federal court to

---

[3] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995); House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006).

address the merits of a petitioner's constitutional claims; the Court has yet to address whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. McQuiggin at *7.

Here, Petitioner has failed to meet Schlup's exacting standard. Petitioner's entire claim of "actual innocence" is predicated on the recent declaration of Shawn Va, dated November 6, 2014, which contends that Va "never seen [Petitioner] had a gun or fire a gun he was running." (Doc. 1, p. 48; p. 131). Such evidence falls far short of the Schlup standard.

First, as the Superior Court noted in denying Petitioner's petition for writ of habeas corpus, the declaration is merely a synopsis of what Va would have testified to had he been called as a witness at trial. (Doc. 1, p. 122). However, while the declaration contains Va's recollections and impressions of the chaotic scene the night of the crimes, it does not, by itself establish innocence nor does it seriously undermine the prosecution's case. Had he been called at trial, the jury would have been instructed to weigh Va's credibility against that of the other eyewitnesses and to accept or reject some or all of Va's testimony regarding Petitioner's involvement in the crime. The prosecution presented circumstantial evidence that Petitioner was involved in the shooting. On its face, this single piece of evidence does not elevate Petitioner's case into that "rare" and "extraordinary" class of cases "implicating a fundamental miscarriage of justice." Schlup, 513 U.S. at 314-315; McQuiggin, at *9. Indeed, the proffered evidence appears to be nothing more than one more piece, among many, of conflicting evidence already presented and considered by the jurors. In other words, it appears that Petitioner is merely seeking a "trial do-over," something expressly forbidden by the federal cases. Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

However, following the Ninth Circuit's dictate in Herbst, the Court will afford Petitioner an opportunity to respond to this Order to Show Cause with any further reasons why his claim of actual innocence should entitle him to be excepted from the AEDPA's one-year limitation period. If Petitioner is unable to persuade the Court with either new evidence or new legal reasoning, the Court **will** recommend that the case be dismissed as untimely.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

7

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **July 22, 2015**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE