UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHEAKTRA ROS,<br><br>    Petitioner,<br><br>    v.<br><br>C. E. DUCART,<br><br>    Respondent. | Case No.: 1:15-cv-01050-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 14)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Respondent has filed a motion to dismiss this petition for writ of habeas corpus arguing that it was filed untimely. Because the Court finds Petitioner waited years after knowing the factual predicate for his claim, the Court concludes the petition, indeed, is untimely and the motion is **GRANTED**.

**I.   PROCEDURAL HISTORY**

Petitioner filed this action on July 6, 2015.[1] After the Court conducted a preliminary review of the petition, it appeared that it was untimely. The Court ordered Petitioner to show cause why it

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

should not be dismissed. (Doc. 7). Petitioner responded and argued that he did not discover the factual basis for his claims until later than the Court's analysis suggested. (Doc. 8). Petitioner also contended that he was actually innocent. (Id.) Thus, the Court ordered Respondent to file a response. (Doc. 9). Respondent filed the instant motion to dismiss, arguing that the petition was untimely. (Doc. 14). On February 22, 2015, Petitioner filed his opposition. (Doc. 19).

## II.   DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

---

authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on July 6, 2015. (Doc. 1, p. 6)

1    B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

2    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on July 6, 2015, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, following his conviction for attempted second degree murder, Petitioner was sentenced to a prison term of 27 years. (Lodged Document ("LD") 1). Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District ("5th DCA"), which affirmed the lower court judgment. (LD 2). Petitioner's petition for review was denied by the California Supreme Court on April 25, 2007. (LD 3; 4). Thus, direct review would have concluded on July 24, 2007,

3

when the ninety day period for seeking review in the United States Supreme Court expired.  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have had one year from the following day, July 25, 2007, or until July 24, 2008, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. $^{2}$

As mentioned, the petition was filed on July 6, 2015, almost seven years after the date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

Petitioner contends that 28 U.S.C. § 2244(d)(1)(D) should apply and that the one-year period should commence from the date he became aware of the "newly discovered" evidence that he claims shows actual innocence.  That newly discovered evidence is a declaration from a witness, Shawn Va, who claims to have been with Petitioner at the time of the incidents giving rise to his conviction and declares that Petitioner did not file a weapon.

Under the AEDPA, the one-year period may run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  Petitioner states under oath in his petition that during trial he was aware of the existence of an exonerating witness and that, although he did not know the witness's name or address, he had "critical information that would have led [sic] to locating the witness."  (Doc. 1, pp. 31; 49).  Petitioner's trial took place in 2006.  (Doc. 1, p. 1).  Petitioner alleges he did not receive the declaration until 2013 and did not file his first state habeas corpus petition alleging innocence until 2014.  In other words, Petitioner had the "critical knowledge" of how to locate Va in 2006, but apparently did nothing until 2013 to actually locate him, i.e., a period of seven years.  Now Petitioner wishes to enjoy the benefits of § 2244(d)(1)(D)'s longer limitation period based on his own lack of diligence in locating Va.  However, the clear wording of the statute provides that the one-year period runs not from the date when Petitioner <u>actually discovered</u> the claim, but from the date <u>the factual</u>

---

$^{2}$ In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

4

predicate could have been discovered through the exercise of due diligence. Had Petitioner exercised due diligence from 2006 forward, he undoubtedly could have located Va with his "critical knowledge." Instead, Petitioner waited seven years to act. This does not show "due diligence." Accordingly, Petitioner is not entitled to use § 2244(d)(1)(D)'s later starting date. Additionally, even if the Court used § 2244(d)(1)(D) as the "trigger" for the one-year period, that limitation period would have commenced on or about the date of the trial. Thus, Petitioner's state habeas filings would still not be entitled to statutory tolling because the year would have expired long before the first state habeas petition was filed in 2014.

      C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir.

2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged with the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Fresno County on April 4, 2014, and denied on May 14, 2014 (LD 5; 6); (2) petition filed in the 5th DCA on June 25, 2014, and denied on October 9, 2014 (LD 7; 8); (3) petition filed in the 5th DCA on August 8, 2014, and denied on September 9, 2014 (LD 9; 10; 11); (4) petition filed in the 5th DCA on November 5, 2014, and denied on January 13, 2015 (LD 12; 13); (5) petition filed in the California Supreme Court on March 1, 2015, and denied on June 10, 2015 (LD 14; 15).

None of these petitions, however, entitle Petitioner to statutory tolling since they were all filed *after* the original one-year period had expired. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). As mentioned, the limitations period expired on July 24, 2008, almost six years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

D.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561

(2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner makes no claim that he is entitled to equitable tolling; however, he does contend that he is entitled to proceed with the untimely petition because he is actually innocence.  In McQuiggin v. Perkins, 569 U.S.___,  2013 WL 2300806 (2013), the United States Supreme Court held that "actual innocence" could be an exception to the one-year limitation bar in the AEDPA:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House,[3] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329; see House, 547 U.S., at 538 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

McQuiggin, at *3.   The Supreme Court went on to explain that an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing, and, thus, "a court may consider how the timing of the submission and the likely credibility of [a

---

[3] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995); House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006).

7

petitioner's] affiants bear on the probable reliability of evidence [of actual innocence]." Id. at *11, quoting Schlup, 513 U.S. at 332. See also Lee v. Lampert, 653 F.3d 929, 932-933 (9th Cir. 2011)(*en banc*)("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." ) The "Schlup gateway," however, may only be employed when a petitioner "falls within the narrow class of cases…implicating a fundamental miscarriage of justice. Schlup, 513 U.S. at 314-315; McQuiggin, at *9. However, "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321. "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

The rule announced in McQuiggin is not a type of equitable tolling, which provides for an extension of the time statutorily prescribed, but an equitable exception to § 2244(d)(1). McQuiggin at *7. Moreover, the Court noted that actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's constitutional claims; the Court has yet to address whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. McQuiggin at *7.

Here, Petitioner has failed to meet Schlup's exacting standard. The Court of Appeal's opinion on direct appeal relates facts relevant to Petitioner's guilt. (LD 2). In that opinion, the 5th DCA notes that the prosecution presented three eyewitnesses to the shooting: one who was within seven or eight feet of Petitioner and testified that shots were fired from Petitioner's location, although the witness ducked and did not see if the shots were fired by Petitioner, and two other witnesses who both saw Petitioner fire the weapon.

By contrast, Va's declaration merely states that, while he observed that Petitioner was very angry and threw a trash can at the other people at the party, he never saw Petitioner with a gun or firing a gun. (Doc. 1, p. 86). As Respondent correctly contends, however, such a vague declaration

8

does nothing to dispute the testimony of the eyewitnesses who saw Petitioner fire the shots. Instead, it merely shows that Va did not see Petitioner with a gun or firing a weapon. It does not exclude the possibility that Petitioner was the shooter but Va did not observe him in the act of shooting. Put another way, as the Superior Court noted, it does not "point unerringly to Petitioner's innocence or undermine the prosecution's entire case."

Moreover, in the context of a criminal trial, even if Va had testified, the jury would have had to consider his testimony, innocuous as it is, in light of three eyewitnesses who either saw Petitioner fire the weapon or were standing nearby and testified that the shots came from the area where Petitioner was standing. Without knowing more about Va himself, i.e., his credibility, his criminal history, if any, and how he would have appeared to the jury had he testified, it is impossible for this Court to assess how probative his testimony would have been. However, though ten years have elapsed since the trial, even a cold reading of Va's declaration shows that it falls far short of establishing that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 329. To reach such a conclusion, the Court would have to conclude that, even if Va's declaration could be construed as exculpatory, no reasonable juror would have believed *any* of the three eyewitnesses who identified Petitioner, or someone standing in his place, as the shooter. This the Court cannot do.[4]

## **CONCLUSION**

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late and must therefore be dismissed.

---

[4] To the extent that Petitioner's Brady claim can be considered a claim of actual innocence for purposes of timeliness, the Court agrees with Respondent that the failure of the prosecution to produce evidence that Petitioner placed two 911 calls does not establish actual innocence. Petitioner has not shown that he actually made such calls and, even if he did, there is no showing that placing those calls would have been so exculpatory that no reasonable juror would have found him guilty. Indeed, as Respondent notes, the fact that neither Petitioner nor his counsel pursued the matter at trial, combined with the fact that Petitioner waited until 2013 to request the 911 transcripts, strongly suggests that Petitioner himself did not believe that the calls had any significant exculpatory value.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal

habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court DECLINES to issue a certificate of appealability.

### **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 14), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    **February 25, 2016**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE